**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| ANGELA LUMPKIN and | ) | CASE NO. 1:16-cv-1920 |
| AYANA HILL, | ) | |
| | ) | JUDGE SARA LIOI |
| PLAINTIFFS, | ) | |
| | ) | MEMORANDUM OF OPINION |
| | ) | AND ORDER |
| vs. | ) | |
| | ) | |
| ANNETTE HARRINGTON, | ) | |
| | ) | |
| | ) | |
| DEFENDANT. | ) | |

*Pro se* plaintiffs Angela Lumpkin and Ayana Hill filed this action under 42 U.S.C. § 1983 against their former landlord, Annette Harrington. In the complaint, plaintiffs allege they were wrongfully evicted from their rental property. They ask that the eviction action be reheard in federal court, and ask this Court to award them monetary damages.

## I.      Background

Harrington owns a two-bedroom house on East 42nd Street in Lorain, Ohio, which she agreed to lease under the Housing Choice Voucher Program ("Section 8"). Lumpkin and Hill qualified for Section 8 housing and agreed to lease the property from Harrington in December 2014. Lumpkin and Hill contend there were a number of significant repairs that needed to be made to the property before they moved in, including replacement of the broken lock on the patio door, and cleaning or replacement of windows with mold. They indicate Harrington said that she would make the repairs but did not do so. After several complaints to Harrington about the repairs, Lumpkin received a letter from Harrington offering to discontinue the lease and

return the security deposit, stating it had become increasingly apparent that Lumpkin and Hill were unsatisfied with the property. Harrington told them that they had until April 30, 2015 to accept the offer and vacate the premises.

Before the expiration of that offer, the Lorain County Metropolitan Housing Authority conducted a special inspection and sent a final notice of violations to both Harrington and Lumpkin. The notice stated that, if the unit did not pass inspection by April 4, 2015, the government's portion of the Section 8 rent would be abated effective May 1, 2015, and if it did not pass inspection by the end of April, the Section 8 contract would be terminated. The unit did not pass inspection by the end of April, and Harrington received another notice on May 1, 2015 indicating the Section 8 contract would be terminated unless it passed inspection. The Lorain County Metropolitan Housing Authority informed Lumpkin that it had abated the rent and was likely to cancel the contract. Lumpkin could choose either to move or to remain in the house and pay the full amount of the rent.

Lumpkin and Hill apparently chose to stay in the house but could not afford the entire amount of rent. Furthermore, Lumpkin and Hill did not want to pay the rent until Harrington made the necessary repairs. Harrington began eviction proceedings for nonpayment of rent. Lumpkin and Hill agreed to vacate the premises by August 31, 2015, but they were served with a court order requiring them to leave by August 28, 2015 at noon. Lumpkin contends she moved out on August 28, 2015 as ordered. She states she left with the first truck load of belongings and when she returned at 4:00 p.m., she found that Harrington had tossed all of her property onto the front lawn.

2

The hearing on damages was set for June 21, 2016 at 9:00 a.m. Lumpkin and Hill believed the hearing was at 10:00 a.m. and put that time on their witness subpoenas. As a result of the confusion about the time of the hearing, Lumpkin and Hill did not appear in court for the hearing, and the magistrate proceeded without them. The magistrate found in favor of Harrington and ordered Lumpkin and Hill to pay an amount for back rent, cleaning for new tenants and damages to the house. They dispute the charges, claiming that the damages to the property were there when they moved in and were among those repairs they were attempting to get Harrington to make while they had Section 8 funding. They also contend the charges for cleaning the apartment were excessive and the figure for back rent was inaccurate.

Lumpkin and Hill claim they were wrongfully evicted from the property. They claim Harrington breached their rental agreement, retaliated against them for complaining about the needed repairs, and used excessive force against them during the eviction by scattering their property on the front lawn. Further, they claim the Lorain Municipal Court denied them due process and violated their civil rights. They ask this Court to hear their eviction action anew, nullify the amount the state court ordered them to pay, and award them monetary damages against Harrington.

## II.    <u>Standard of Review</u>

Although pro se pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365, 102 S. Ct. 700, 70 L. Ed. 2d 551 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972), the Court is required to dismiss an *in forma pauperis* action under 28 U.S.C. § 1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319,109 S. Ct. 1827, 104

L. Ed. 2d 338 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. A cause of action fails to state a claim upon which relief may be granted when it lacks plausibility in the complaint. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007).

A pleading must contain a short and plain statement of the claim showing that the pleader is entitled to relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the complaint are true. *Twombly*, 550 U.S. at 555. The plaintiff is not required to include detailed factual allegations, but must provide more than an unadorned, the defendant unlawfully harmed me accusation. *Iqbal*, 556 U.S. at 678. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id*. In reviewing a complaint, the Court must construe the pleading in the light most favorable to the plaintiff. *Bibbo v. Dean Witter Reynolds, Inc*., 151 F.3d 559, 561 (6th Cir. 1998).

## III.   <u>Analysis</u>

While Lumpkin and Hill refer to nearly everyone in their narrative as a defendant, the only individual identified as a defendant in the case caption is Harrington. They mention other individuals in the body of the complaint but do not describe who they are. Furthermore, they provide summonses for only Harrington. Their stated legal claims, however, appear to be

directed against Harrington and the Lorain Municipal Court. The Court therefore liberally construes this action as being asserted against Harrington and the Lorain Municipal Court.

To the extent Lumpkin and Hill intended to name other individuals as defendants, they failed to meet the basic pleading requirements. They have not articulated any specific claim against any individual or entity except Harrington and the Lorain Municipal Court. This Court cannot construct possible, but not asserted, claims for any party, including *pro se* litigants, and then proceed to test whether the asserted facts fit that claim or claims so as to evade dismissal of a complaint. The Court's role is to adjudicate disputes, not assist in asserting them.

The only federal law claims Lumpkin and Hill assert against Harrington are those of retaliation, use of excessive force, and denial of due process, which arise, if at all, under 42 U.S.C. § 1983. To establish a *prima facie* case under 42 U.S.C. § 1983, Lumpkin and Hill must assert that a person acting under color of state law deprived them of rights, privileges, or immunities secured by the Constitution or laws of the United States. *Parratt v. Taylor*, 451 U.S. 527, 535, 101 S. Ct. 1908, 68 L. Ed. 2d 420 (1981). Generally, to be considered to have acted "under color of state law," the person must be a state or local government official or employee. Harrington is not a government official or employee. She is a private party.

A private party may be found to have acted under color of state law to establish the first element of this cause of action only when the party "acted together with or ... obtained significant aid from state officials" and did so to such a degree that its actions may properly be characterized as "state action." *Lugar v. Edmondson Oil Co*., 457 U.S. 922, 102 S. Ct. 2744, 73 L. Ed. 2d 482 (1982). An individual may also be considered a state actor if he or she exercises powers traditionally reserved to a state. *Jackson v. Metropolitan Edison Co*., 419 U.S. 345, 352,

95 S. Ct. 449, 42 L. Ed. 2d 477 (1974). Harrington's only nexus with a government agency was her agreement to participate under contract in the Section 8 Housing Choice Program. The Housing Choice Program, however, is a federal program, not a state program.[1] Participation in the Section 8 Housing Choice Program is not sufficient for Harrington to be considered a state actor. Harrington was also a litigant in the eviction action. Merely being a participant in litigation does not make a private party into a co-conspirator or joint actor with the state. *Dennis v. Sparks*, 449 U.S. 24, 28, 101 S. Ct. 183, 66 L. Ed. 2d 185 (1980). Harrington cannot be considered a state actor and, therefore, is not subject to suit under 42 U.S.C. § 1983 for retaliation, use of excessive force, or denial of due process.

The only other federal law claim Lumpkin and Hill arguably assert is against the Lorain Municipal Court for denial of due process. First, the municipal court is not *sui juris*, meaning it is not an entity that can sue or be sued. *See Burton v. Hamilton County Juvenile Court*, Case No. 1:04-cv-368, 2006 WL 91600, at *5 (S.D. Ohio Jan. 11, 2006) (holding that the Hamilton County Juvenile Court is not a legal entity capable of being sued) (adopting report and recommendation); *Yoel v. Gandolf*, Case No. 1:06-cv-3087, 2007 WL 777983, at *5 (N.D. Ohio Mar. 12, 2007) (holding that the Lake County, Ohio Court of Common Pleas cannot sue or be sued in a Section 1983 action). The Municipal Court is merely a subunit of the municipality it serves, which in this case is the City of Lorain.

As a rule, a local government may be sued under 42 U.S.C. § 1983 only when it unconstitutionally "implements or executes a policy statement, ordinance, regulation, or decision officially adopted by that body's officers" and that action causes the injury in question. *Monell v.*

---

[1] *See* http://portal.hud.gov/hudportal/HUD?src=/topics/housing_choice_voucher_program_section_8

*Dep't of Soc. Servs.*, 436 U.S. 658, 690-91, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978); *DePiero v. City of Macedonia*, 180 F.3d 770, 786 (6th Cir. 1999). Here, the complaint contains no suggestion of a custom or policy of the City of Lorain that violated Lumpkin's or Hill's constitutional rights. Instead, Lumpkin and Hill base their claim against the Municipal Court on decisions made by the magistrate in the course of the eviction action. Local governments cannot be held liable under a theory of *respondeat superior* for injuries inflicted solely by employees or agents of municipality. *Monell*, 436 U.S. at 691. To the extent plaintiffs allege any due process claims against the Lorain Municipal Court, those claims are dismissed.

Finally, even if Lumpkin and Hill had stated a viable federal law claim against Harrington and/or the Lorain Municipal Court, this Court could not rehear the eviction action. First, this Court cannot overturn the state court judgment concerning the amount of damages owed to Harrington. United States District Courts do not have jurisdiction to overturn state court decisions even if the request to reverse the state court judgment is based on an allegation that the state court's action was unconstitutional. *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 292, 125 S. Ct. 1517, 161 L. Ed. 2d 454 (2005). Federal appellate review of state court judgments can only occur in the United States Supreme Court, by appeal or by writ of certiorari. *Id.* Under this principle, generally referred to as the Rooker-Feldman Doctrine, a party losing his case in state court is barred from seeking what in substance would be appellate review of the state judgment in a United States District Court based on the party's claim that the state judgment itself violates his or her federal rights. *Berry v. Schmitt*, 688 F.3d 290, 298-99 (6th Cir. 2012).

The Rooker-Feldman doctrine is based on two United States Supreme Court decisions interpreting 28 U.S.C. § 1257(a). *See D.C. Ct. of Appeals v. Feldman*, 460 U.S. 462, 103 S. Ct. 1303, 75 L. Ed. 2d 206 (1983); *Rooker v. Fidelity Trust Co*., 263 U.S. 413, 44 S. Ct. 149, 68 L. Ed. 362 (1923). This statute was enacted to prevent "end-runs around state court judgments" by requiring litigants seeking review of that judgment to file a writ of certiorari with the United States Supreme Court. The Rooker-Feldman doctrine is based on the negative inference that, if appellate court review of state judgments is vested in the United States Supreme Court, then such review may not occur in the lower federal courts. *Exxon Mobil Corp*., 544 U.S. at 283-84; *Kovacic v. Cuyahoga Cnty. Dep't of Children and Family Servs.*, 606 F.3d 301, 308-311 (6th Cir. 2010); *Lawrence v. Welch*, 531 F.3d 364, 369 (6th Cir. 2008).

Rooker-Feldman is a doctrine with narrow application. It does not bar federal jurisdiction "simply because a party attempts to litigate in federal court a matter previously litigated in state court." *Exxon Mobil Corp*., 544 U.S. at 293; *Berry*, 688 F.3d 298-99. It also does not address potential conflicts between federal and state court orders, which fall within the parameters of the doctrines of comity, abstention, and preclusion. *Berry*, 688 F.3d 299. Instead, the Rooker-Feldman doctrine applies only where a party losing his or her case in state court initiates an action in federal district court complaining of injury caused by a state court judgment itself, and seeks review and rejection of that judgment. *Berry*, 688 F.3d 298-99; *In re Cook*, 551 F.3d 542, 548 (6th Cir. 2009). To determine whether Rooker-Feldman bars a claim, the Court must look to the "source of the injury the plaintiff alleges in the federal complaint." *McCormick v. Braverman*, 451 F.3d 382, 393 (6th Cir. 2006); *see Berry*, 688 F.3d at 299; *Kovacic*, 606 F.3d at 310. If the source of the plaintiff's injury is the state-court judgment itself, then the Rooker–

8

Feldman doctrine bars the federal claim. *McCormick*, 451 F.3d at 393. "If there is some other source of injury, such as a third party's actions, then the plaintiff asserts an independent claim." *Id.*; *see Lawrence*, 531 F.3d at 368-69. In conducting this inquiry, the Court should also consider the plaintiff's requested relief. *Evans v. Cordray*, No. 09–3998, 2011 WL 2149547, at *1 (6th Cir. May 27, 2011).

In this case, the source of the injury is the state court judgment itself. Lumpkin and Hill allege that the hearing was conducted in their absence and contest the amount of back rent and damages they were ordered as being excessive. They ask this Court to hear the eviction again, nullify what they were ordered to pay, and instead order Harrington to pay them damages. In order to do that, this Court would have to set aside the state court's judgment. This Court lacks subject matter jurisdiction to conduct that review or to grant that relief.

Furthermore, this Court cannot allow Lumpkin and Hill to relitigate the issue of damages in the eviction action to obtain a judgment that conflicts with the state court judgment. Federal Courts must give the same respect to a state court judgment as that judgment receives in the rendering state. 28 U.S.C. § 1738; *Abbott v. Michigan*, 474 F.3d 324, 330 (6th Cir. 2007); *Young v. Twp. of Green Oak*, 471 F.3d 674, 680 (6th Cir. 2006). The State of Ohio recognizes finality of judgments. Once an issue or a claim has been decided, the doctrine of *res judicata* bars litigants from filing new cases to rehash matters that were already decided. *Migra v. Warren City Sch. Dist. Bd. of Educ.*, 465 U.S. 75, 81, 104 S. Ct. 892, 79 L. Ed. 2d 56 (1984). This Court must give full faith and credit to state court judgments. Therefore, if *res judicata* bars a litigant from filing a new action in the Ohio courts to litigate a matter that was already decided, the litigant cannot bypass that procedural bar by filing the case in federal court.

In Ohio, *res judicata*  bars all subsequent actions, by the same parties or their privies, based on any claim arising out of a transaction or occurrence that was the subject matter of a previous action. *Grava v. Parkman Twp.*, 653 N.E.2d 226, 229  (Ohio 1995). It also prevents the relitigation of any fact or point that was determined by a court of competent jurisdiction in a previous action between the same parties or their privies, even if the causes of action differ. *Id*.

Here, Lumpkin and Hill are attempting to relitigate the issue of damages. That issue was already decided by the Municipal Court, which has jurisdiction over eviction actions. They would not be able to bring that claim in state court for a second time. This Court is also barred from hearing it.

Lumpkin's and Hill's remaining claims arise under state law. Supplemental jurisdiction exists whenever state law and federal law claims derive from the same nucleus of operative facts and when considerations of judicial economy dictate having a single trial. *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 724, 86 S. Ct. 1130, 16 L. Ed. 2d 218 (1966). The Court, however, may exercise discretion in hearing state law matters. *Id*. at 726. In cases where the federal law claims are dismissed before trial, the state law claims should also be dismissed. *Id*. Having dismissed the federal law claims, this Court declines jurisdiction to hear the state law claims asserted in the complaint.

## IV.    <u>Conclusion</u>

For all the foregoing reasons, this action is dismissed pursuant to 28 U.S.C. § 1915(e).

Pursuant to 28 U.S.C. § 1915(a)(3), an appeal from this decision could not be taken in good faith.


**IT IS SO ORDERED**.


Dated: December 2, 2016                          _____
                                                **HONORABLE SARA LIOI**
                                                **UNITED STATES DISTRICT JUDGE**